IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALID ABDULLAH MUHAMMAD, : | |
| Petitioner, : | |
| v. : | C.A. No. 24-683-GBW |
| BERNADETTE MASON, Sup't SCI Mahanoy, : and ATTORNEY GENERAL OF THE STATE OF DELAWARE, : | |
| Respondents. : | |

## MEMORANDUM

### I. INTRODUCTION

Petitioner is an inmate at SCI Mahanoy in Frackville, Pennsylvania. He has filed papers titled "Petition Under Habeas Corpus 28 U.S.C. For Writ 2254." (D.I. 1 at 1) The papers do not challenge any specific conviction. Instead, Petitioner identifies an individual in Delaware, and asserts that she is an "unlawful restraint supplant surreptitious rigged for dishonest means freemasonry clandestine secrecy for evil and illicit unauthorized purposes black magic and white magic freemasonry accomplice." (*Id.*)

## II. DISCUSSION

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rule 2(c) of the Rules Governing Section 2254 Cases provides that the petition must "specify all the grounds for relief" and "state the facts supporting each ground." Rule 2(c)(1), (2), 28 U.S.C. foll. § 2254. A district court has the authority to summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner does not identify the state criminal proceeding for which he is incarcerated and, more significantly, it does not appear that Petitioner is challenging a conviction entered in a Delaware state court. These deficiencies in Petitioner's pleadings provide a sufficient basis for summary dismissal.

## III. CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: June 25, 2024

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE